July 25, 2016

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Pre-Motion Conference in *Lofted Coffee LLC v. Lofty Coffee Inc.*, No. 16 Civ. 02146 (E.D.N.Y.)**

Judge Mauskopf:

I represent Plaintiff Lofted Coffee, LLC in above-captioned case. I am writing to request (1) a pre-motion conference on Plaintiff's motion to dismiss Defendant's counterclaims and Plaintiff's motion for a judgment on the pleadings (2) a simultaneous extension of time to answer as required by Individual Rule III.A. until twenty days after those motions are decided.

**Background**

On April 29, 2016, Plaintiff filed a complaint against Defendant seeking a declaratory judgment that Plaintiff's use of its work mark Lofted Coffee and logo mark (provided below) do not constitute trademark infringement. As alleged in the complaint, over a year earlier, an attorney, Matthew Pequignot, sent a letter to one of the members of Plaintiff Lofted Coffee, LLC alleging that Plaintiff's use of the phrase "lofted coffee" is an "infringement of [Defendant's] trademark rights."

Mr. Pequignot's letterhead stated he was part of the firm "Pequignot & Myers LLC." According to news articles, Defendant Lofty Coffee, Inc. is owned by Eric Myers. That is, Mr. Pequignot's named partner and the owner of Defendant have the same last name of Myers. Mr. Myers and Mr. Pequignot also apparently work in the same complex: The Lofts At Moonlight Beach.

Plaintiff retained a lawyer to evaluate Defendant's claim of trademark infringement. On August 21, 2015, Plaintiff responded to Mr. Pequignot's letter and explained that any trademark infringement claims would be without merit for at least two reasons. First, Defendant had only two Lofty Coffee locations, both of which are in California and both or which exist primarily as a café and meeting

place for the local community. In contrast, Plaintiff was a small wholesale coffee distributor based out of Brooklyn.

Second, the brand logo Plaintiff is an ornate colorful and highly distinctive design which is not likely to be confused with those used by your client. The word "lofted" appears in very small Courier-font underneath.

 

Given these logos, there is no likelihood of confusion as to source between Plaintiff's wholesale services and Defendant's goods and café services.

Then, on March 4, 2016, Eric Myers' wife purchased two bags of coffee from Plaintiff for delivery in California. Purchasing another company's product can be a precursor to a trademark lawsuit. *See, e.g.*, *More Cupcakes, LLC v. Lovemore LLC, et al.*, No. 09 Civ. 3555 (N.D. Ill. 2009). Articles on trademark law derisively refer to this conduct as "manufacturing jurisdiction" since one company will use the purchase of the company's product to try to establish personal jurisdiction.

Finally, on April 5, 2016, Mr. Myers and a managing member of Plaintiff had a phone call. In the phone call Mr. Myers stated "my hands are tied" and that unless Plaintiff stop using the name Lofted Coffee, he would soon file a lawsuit. Facing the real threat of trademark infringement action, and desiring judicial resolution, Plaintiff filed a complaint seeking a declaratory judgment that it was not infringing Defendant's trademark.

Defendant waived service and sixty days later filed its answer and also asserted two claims for: (1) infringement of Defendant's marks in violation of 15 U.S.C. § 1114, and (2) false designation of origin in violation of 15 U.S.C. § 1125(a)(1).

**Plaintiff's Proposed Motion to Dismiss and Judgment on the Pleadings**

Plaintiff's proposed dispositive motions are straightforward: As a mere word mark, Lofty Coffee is descriptive – akin to the way "Holiday Inn" or "Sealtight" describe some aspect of the product or service (respectively, hotel rooms or

fasteners). The word marks tell consumers something about the product and, not surprisingly, there are other non-infringing word marks such as "Holiday Motels" and "Seal Tight." Descriptive word marks only receive protection if they acquire a secondary, source signifying meaning. Defendant failed to plead any facts, nor is it remotely plausible, that the mark "Lofty Coffee" has acquired sufficient secondary, source signifying meaning to form the basis of a trademark infringement action.

Regarding any logo mark claims, Defendant has failed to allege sufficient facts to state a plausible infringement claim and comply with the pleading requirements under Fed. R. Civ. P. 8(a). Indeed, the court can simply take judicial notice of the marks (provided above) and find that no reasonable jury could ever find that there is a likelihood of confusion. Other needed evidence is also completely lacking such as any allegation that Plaintiff adopted its logo mark in bad faith or allegations of actual confusion.

**Conclusion**

Plaintiff respectfully submits that this is a straightforward and easy case: No reasonable person could ever find that there is a likelihood of confusion between the marks of Plaintiff and Defendant and, thus, there is no need to conduct burdensome discovery (much less waste the court's resources) particularly given the size of the parties. For these reasons, Plaintiff respectfully requests a pre-motion conference on its motions to dismiss and judgment on the pleadings and a simultaneous extension of time to answer Defendant's counterclaims.

Sincerely,

_/s/ Matthew Ortiz_
Matthew B. Ortiz
The Lehman Law Group

Lehman LG LLC
47-39 Vernon Blvd.
Long Island City, New York 11101
(724) 453.4626
matthew@lehmanlawgroup.com