UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

————————————————————x

Lofted Coffee, LLC,
a New York Limited Liability Company,

                 Plaintiff,            **Joint Rule 26(f) Report**
                                                        Case: 16-cv-02146-RRM-CLP

        v.

Lofty Coffee, Inc.,
a California Corporation,

                 Defendant.

————————————————————x

## JOINT RULE 26(f) REPORT

Plaintiff Lofted Coffee, LLC and Defendant Lofty Coffee, Inc. respectfully submit the following Joint Rule 26(f) Report.

Counsel for Plaintiff and Counsel for Defendant held a telephone conference on August 4, 2016 in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

In attendance during the telephone conference were: Matthew Ortiz, attorney for Plaintiff; and Michael Sullivan and Matthew Pequignot, attorneys for Defendant.

### Discussion

The Parties conferred regarding the topics set forth in Rule 26(f) and report as follows:

I.    The parties discussed the nature and basis of their claims and defenses.

II.    The parties discussed the possibility of settlement.

        Lofted's Position Regarding Settlement

Lofted believes that there is currently no possibility of a settlement. However, Plaintiff is still open to the possibility of future settlement discussions. Plaintiff has suggested mediation through the Court's mediation program (https://www.nyed.uscourts.gov/mediation).

<u>Lofty's Position Regarding Settlement</u>

Lofty has offered to settle this litigation in exchange for an agreement that Lofted will discontinue using the "LOFTED" trademark within 6 months, or another (reasonable) mutually agreeable time. More specifically, Lofty expressed in its offer that it is willing to provide Lofted with a phase out period which is sufficient to allow Lofted to minimize business disruption and expense. Lofty's offer of settlement did not ask for any payment from Lofted.

In previous telephone negotiations, Lofted's counsel expressed that settlement might be possible, but that the cost of phasing out its current trademark is the principal obstacle.

Lofty declines to participate in mediation. Lofty has made several efforts to settle the litigation amicably, without success, and does not believe that a mediation will be productive. However, if such a conference is ordered, Lofty requests permission to attend telephonically to minimize business disruption and travel expense. Lofty is in the process of expansion and construction which requires personal oversight by Lofty's owner.

III.    In a letter dated July 25, 2016, Plaintiff requested a pre-motion conference with respect to a Motion to Dismiss that Plaintiff has requested leave to file. The parties agree that Plaintiff will answer Lofty's counter-complaint within twenty (20) days of the Court's denial of leave to file such Motion, or within twenty (20) days of the Court's disposition of the Motion, if leave is granted.

IV. The parties have declined the appointment of Magistrate Judge to preside over the proceedings.

V. The parties have agreed to a deadline to join other parties and amend the pleadings within thirty (30) days of the Court's denial of leave to file a Motion to Dismiss, or within thirty (30) days of the Court's disposition of the Motion, if leave is granted.

VI. The parties developed a proposed discovery plan, as follows:

    A. <u>Initial Disclosures</u>

The parties will exchange initial disclosures under Rule 26(a)(1) within thirty (30) days of the Court's denial of leave to file a Motion to Dismiss, or within thirty (30) days of the Court's disposition of the Motion, if leave is granted.

    B. <u>Plaintiff's Anticipated Discovery</u>

Plaintiff's anticipated discovery includes, but is not limited to, documents and information related to the following categories: allegations set forth in Plaintiffs complaint; defenses set forth in Defendant's answer to complaint; Defendant's intellectual property portfolio; information and dates pertaining to the trademark filed for Lofty by the Defendant; information and dates surrounding the trademark filed for LOFTED by the Defendant; emails and letters sent by LOFTY and/or its Owner to LOFTED and/or its Owner; geographic locations of LOFTY's businesses; business information regarding online orders; business information regarding proposed expansion; sales and marketing of Defendant's product's and/or business locations.

    C. <u>Defendant's Anticipated Discovery</u>

Defendant's anticipated discovery needs include, but are not limited to, documents and information related, at least, to the following categories of subject matter: all allegations set forth

3

in Defendant's counter-complaint; similarity of the Lofted and Lofty marks; confusion of the Lofted and Lofty marks; the quality (or lack thereof) of Plaintiff's goods; the roasting or manufacturing locations and processes for Plaintiff's goods; permits and licenses pertaining to Plaintiff's roasting and/or manufacturing operations; dates of first use of Plaintiff's mark LOFTED; information and dates pertaining to the organization of Plaintiff's limited liability company; Plaintiff's equipment and product sources; Plaintiff's quality control measures and policies; customer inquiries or comments or opinions related to Plaintiff's goods; Plaintiff's intellectual property portfolio; Plaintiff's decision not to file for a federal trademark registration; product packaging and marking, and distribution information; sales and marketing of Plaintiff's products, including any internet search engine optimization efforts; Plaintiff's customers, suppliers, distributors, and manufacturers; all factual or other allegations in Plaintiff's complaint; defenses set forth in Plaintiff's answer to Defendant's counter-complaint; Plaintiff's costs, pricing, and profits concerning relevant products; opinions of counsel; and Plaintiff's advertised products. Notwithstanding the above, Defendant reserves the right to seek information or documents relevant to additional categories of subject matter to be identified, as necessary, as this litigation progresses. Defendant's anticipated discovery also includes depositions of persons with knowledge pertaining to the categories of subject matter identified above, as well as any expert witnesses designated by Plaintiff.

    D.    <u>Completion of Discovery</u>

The parties have agreed to a proposed discovery cut-off date seven (7) months after the commencement of discovery, which will commence thirty (30) days after disposition of Plaintiff's Motion to Dismiss (or denial of leave to file a Motion to Dismiss).

E.  Bifurcation of Discovery

The parties have agreed that there will be no need for bifurcation of discovery.

F.  Limitations on Discovery

The parties propose that the limitations on discovery set forth in the Local Rules and the Federal Rules of Civil Procedure be modified as follows:

1.  The parties agree that Interrogatories be limited to forty (40) per party.

2.  The parties agree that request for production be limited to thirty (30) per party.

3.  The parties agree that requests for admission remain unlimited per party.

4.  The parties have agreed to limiting the number of depositions to five (5) depositions per party. Additionally, the parties have agreed to work together to minimize the burden of these proceedings. Due to the nature of the parties' geographic location, the parties have agreed to the possibility of utilizing video depositions as a method to minimize these burdens.

5.  The parties dispute the format for expert discovery, as follows:

Plaintiff's Proposal

All expert testimony reports will be exchanged within one hundred and eighty (180) days of the Court's decision on the Motion to Dismiss. The parties will have thirty (30) days to depose the expert from the date of receiving the expert report.

Defendant's Proposal

Plaintiff will disclose its expert(s) report(s) within one hundred and eighty (180) days of the Court's decision on the Motion to Dismiss (or denial of leave to file a Motion to Dismiss). The deposition(s) of Plaintiff's expert(s) will be completed within 30 days of the disclosure of

the reports. Defendant will disclose its expert(s) report(s) within 30 days after the last deposition of Plaintiff's expert(s). The deposition(s) of Defendant's expert(s) will be completed within 30 days of the disclosure of the reports.

Due to the nature of the parties' geographic location, the parties have agreed to the possibility of using video depositions as a method to minimize burdens.

G.     Electronic Discovery Issues

Pursuant to Rule 5(b)(2)(E), the parties have agreed that service of written discovery and other non-filed documents would be effective if done via email or other electronic means (e.g., ECF).

The parties have discussed discovery of digital information. The parties anticipate requesting and producing computer-based or other digital information to the extent necessary. Both parties have taken and will continue to take the necessary steps to preserve electronic information, inclusive of, but not limited to, metadata. The parties discussed the production format for electronic discovery. Copies and/or PDFs and/or image documents are acceptable for discovery, but the original documents or files will be produced upon the request of the seeking party. Electronic documents, unless unduly large, can be delivered by email and/or dropbox.

The parties agreed to a "claw back" procedure for inadvertently produced privileged information. The parties agreed that, upon either party's acknowledgment or discovery that privileged information has been divulged, the party receiving the privileged information will provide notice in writing to the producing party of the belief that the produced information is privileged and will return such information, if the return is requested in writing within fifteen (15) days of receipt of such notice. In any event, a producing party shall have no less than fifteen (15) days to

request return of privileged information, regardless of which party discovers the disclosure. If return of privileged information is timely requested in accordance with this claw back procedure, no privilege waiver will occur.

    H.    <u>Protective Order</u>

The parties anticipate that information, documents, and tangible things relating to trade secrets or other confidential business, research, development, or commercial information may be sought, produced, or exhibited by and among the parties during this litigation. Inappropriate use or public disclosure of such confidential and proprietary information would be detrimental to the parties as the information could be used to obtain an unfair business advantage and gain a competitive edge. Accordingly, the parties believe that a protective order under Fed. R. Civ. P. 26(c) is appropriate in this case. The parties will endeavor to attempt to agree on a stipulated protective order to be submitted to the Court for consideration. In the event the parties are unable to agree to the terms of a protective order, an appropriate motion will be filed with the Court.

VII.    The parties agreed to a deadline for filing dispositive motions of 60 days after the close of discovery and resolution of any pending discovery disputes.

    Respectfully,

    /s/ Matthew B. Ortiz
    The Lehman Law Group
    Lehman LG LLC
    47-39 Vernon Blvd.
    Long Island City, NY 11101
    718.541.0121

*Attorney for Plaintiff Lofted Coffee LLC*

/s/ Michael G. Sullivan
PEQUIGNOT + MYERS LLC
62 Valley Road
Westport, CT 06880
Phone: 202-674-4900
Facsimile:  202-328-2219
msullivan@pmiplaw.com

Matthew A. Pequignot
*Pro Hac Vice Admission in Progress*
PEQUIGNOT + MYERS LLC
90 North Coast Highway 101
Suite 315
Encinitas, CA 92024
Phone: 202-328-1200
Facsimile:  202-328-2219
mpequignot@pmiplaw.com

*Attorneys for Defendant Lofty Coffee, Inc.*