The Honorable Roslynn R. Mauskopf
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Defective Motion to Stay in Lofted Coffee LLC v. Lofty Coffee Inc., No. 16 Civ. 02146 (E.D.N.Y.) (RRM-CLP)

Judge Mauskopf:

I represent Plaintiff Lofted Coffee, LLC in above-captioned case. I am writing to request that the court order Michael Sullivan, counsel for the Defendant, to comply with both the Local rules and your Individual Rules. In particular, Defense Counsel should be ordered to file:

(1) Notice of Motion specifying (1) the rules or statutes under which the party is bringing the motion, and (2) what the party is asking the court to do.

(2) Memorandum of Law: The memorandum of law describes the cases, other authorities, and arguments that support the party's position.

(3) Declaration: A declaration (or "affirmation") made under penalty of perjury that contains factual information relevant to the motion that includes any relevant exhibits.

Defense counsel should also be ordered to confer with Plaintiff's counsel to set a briefing schedule, and then submit it to the Court for approval.

**Background**

In April of this year, Plaintiff filed a complaint against Defendant seeking a declaratory judgment that Plaintiff's use of its work mark Lofted Coffee and logo mark do not constitute trademark infringement. (ECF/CM No. 1.) Defendant answered the complaint and filed counterclaims against Plaintiff. (ECF/CM No. 7.)

Plaintiff requested a pre-motion conference on (1) Plaintiff's motion to dismiss Defendant's counterclaims and Plaintiff's motion for a judgment on the pleadings (2) a simultaneous extension of time to answer (ECF/CM No. 10.) Plaintiff's request concluded: "For these reasons, Plaintiff respectfully requests a pre-motion conference on its motions to dismiss and judgment on the pleadings and a simultaneous extension of time to answer Defendant's counterclaims." (*Id.*)

While Plaintiff's request for a pre-motion conference and extension of time was pending, the Magistrate Judge ordered discovery to begin. (ECF/CM No. 21.) In particular, the minute

entry for the Initial Conference states: "Initial disclosures due 9/30/16. Parties to exchange document requests and interrogatories by 10/21/16 - responses 11/21/16. Telephone Conference set for 11/29/2016 @ 2:00 PM." (*Id.*)

On October 18, 2016, Mr. Sullivan requested a certificate of default from the Clerk of the Court. (ECF/CM No. 22.) The basis of the motion was that: "Although Lofted filed a request for a pre-motion conference under Rule III.A.2, such letter was not accompanied by a Rule II.E compliant request for extension of time as required by Rule III.A.3." (*Id.*)

Defense counsel made this request even though the parties had completed a Joint Report under Rule 26(f) that stated: "The parties have agreed to a proposed discovery cut-off date seven (7) months after the commencement of discovery, which will commence thirty (30) days after disposition of Plaintiff's Motion to Dismiss (or denial of leave to file a Motion to Dismiss)."[1] As the Rule 26(f) joint report makes clear, the parties clearly contemplated that the court would hear the motion to dismiss, thus negating the need for Plaintiff to answer the counterclaims until the motion to dismiss those counterclaims was decided.

Two days later, this Court entered the following Order: "In light of this request [for a Certificate of Default], Lofted Coffee LLC's time to Answer the counterclaims is extended until 20 days after a decision on any motion to dismiss. The Court will hold a pre-motion conference on Thursday, November 10, 2016 at 11:00 a.m. in Courtroom 6A. Counsel fully familiar with this action shall appear. The parties are directed to confer with one another to ensure that all are aware of this conference."

**The Current Motion and its Defects**

One day before document requests and interrogatories were due, Defense Counsel filed a motion to stay discovery (ECF/CM No. 23.) The next day, before Plaintiff's counsel could respond, Magistrate Judge Pollak ordered a telephone conference to take place on October 25, 2016 at 2:00 p.m. After hearing argument from the parties, Magistrate Judge Pollak denied the motion. (ECF/CM No. 24.)

Defense Counsel filed a motion for a stay of discovery without first conferring with Plaintiff's counsel in violation of this Court's Individual Rules. *See* Part III.B.7 ("Subject to Court approval, the parties are expected to arrange their own briefing schedule. . . . No party is to serve any motion papers prior to obtaining Court approval of the schedule.").[2]

Moreover, the motion is in the form of a letter to the court as opposed to having submitted (1) a Notice of Motion, (2) a Memorandum of Law, and (3) a Declaration made under

---

[1] Of course, the Magistrate Judge's order that discovery begin overrules this agreement by the parties.

[2] Available at https://www.nyed.uscourts.gov/pub/rules/RRM-MLR.pdf.

penalty of perjury.  Finally, Defense counsel letter does ***not*** include any rules or statutes under which Defense counsel is bringing its motion or cases or other authorities.  Nor does Defense counsel cite to the docket or include exhibits of documents that are referred to in its argument.  And none of its factual statements are made, as required, under penalty of perjury.


**Plaintiff's Request**

Putting to one side whether a letter is the proper way to submit a motion for a stay of discovery to this Court, the fundamental problem with Defense Counsel's letter is this:  With no rules, statutes, or cases cited, Plaintiff's counsel is put in the impermissible position of making the argument for Defense Counsel.  What cases best support Defense Counsel's position?  How have other court's considered similar motions?  Most fundamentally, what rule or statute is Defendant moving under?  Only once these questions are answered, can Plaintiff's counsel respond.

Plaintiff should not be–and indeed, in our adversarial system cannot – be required do the work for Defendant when opposing or even considering a motion.

Finally, Mr. Sullivan and his co-counsel at Pequignot & Myers LLC, were contacted to inform them of the problems with the motion to stay.  While Mr. Sullivan did not respond, the named partner at the firm, Matthew Pequignot, did.  Mr. Pequignot (who has also filed a notice of appearance) would not agree to the request that a scheduling order be submitted or that the substance of the motion be corrected so that Plaintiff's counsel could respond.  I mention this so as to obviate any notion that the court may have that we seek to burden it with letters instead of trying to resolve this disagreement with the opposing side first.


All Parties Served via ECF
Dated: 10/27/16


_____
Matthew Ortiz, Esq.
The Lehman Law Group
Lehman LG LLC
47-39 Vernon Blvd.
Long Island City, NY 11101
718.541.0121
matthew@LehmanLawGroup.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that, on this date, all parties were served a true and correct copy of LOFTED'S LETTER TO JUDGE MAUSKOPF via the Court's CM/ECF system.

Dated: October 27, 2016

_____
Matthew Ortiz, Esq.
The Lehman Law Group
Lehman LG LLC
47-39 Vernon Blvd.
Long Island City, NY 11101
718.541.0121
matthew@LehmanLawGroup.com
*Attorney for Plaintiff*