The Honorable Roslynn R. Mauskopf  October 28, 2016
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Lofted Coffee LLC v. Lofty Coffee Inc., Case 1:16-cv-02146-RRM-CLP
             In Response to Lofted's Letter dated October 27, 2016

Dear Judge Mauskopf:

    I am an attorney who represents Defendant Lofty Coffee Inc. ("Lofty") in the above-identified case, and I am writing to address the letter filed with the Court by Lofted on October 27, 2016. (ECF No. 26.), which misrepresents the facts and events surrounding the filing of Lofty's Motions for Stay of Discovery, filed on October 26, 2016. (ECF No. 25.)

    Plaintiff and Defendant's Conferences and Ongoing Communications regarding the Motion to Stay

    Contrary to Lofted's representations to this Court that Lofty did not confer with Lofted's counsel prior to filing its Motion for Stay of Discovery (ECF No. 25), Lofty has documentary proof that it specifically wrote to Lofted and requested a telephone conference on September 28, 2016 to confer on discovery matters. Counsel for both parties did, in fact, participate in a phone call on that same date, they did specifically discuss a stay of discovery, and during the course of the call they even tentatively agreed that a stay of discovery made sense. Addressing the discovery issue once more, Lofted wrote to Lofty the very next day, September 29, 2016, to indicate that, though it would not would not actively participate in making the motion to stay, they had no objection to Lofty requesting a stay of discovery directly from the court. (The exact language they used in two separate emails, both dated September 29, 2016 was: "We have no issue with you filing a letter with the court asking for a stay of discovery, if you choose to do so.")

1

Lofty filed its letter motion requesting a stay of discovery on October 20, 2016 with Magistrate Judge Pollak. (ECF No. 23.) The next day, on Octber 21, 2016, Judge Pollak granted a temporary stay of discovery pending a telephone conference to be held on October 25, 2016.

Surprisingly, during the telephone conference with Judge Pollak on October 25, 2016, Lofted was not represented by counsel of record Matt Ortiz, who, at Lofted's specific direction, Lofty's counsel had been regularly corresponding with regarding the case (Mr. Ortiz attended the call, but was effectively silent). Lofted was instead represented on the call by attorney Brian Lehman (who is not a member of the New York Bar and who has not, to date, submitted an application to be admitted *pro hac vice* before this Court). During the course of the call, Lofted, by and through Mr. Lehman, additionally surprised Lofty by indicating a new, contradictory position, that it now opposed the requested stay of discovery.

Magistrate Judge Pollak denied the motion to stay without prejudice so that the motion could be submitted directly to Your Honor. (ECF No. 24.) Shortly after the call, on October 25, 2016, Lofty wrote to Lofted and expressly indicated its intention to renew the motion for stay. The next day, on October 26, 2016, Lofted offered to agree to stay discovery, but only if Lofty gave up its right to amend its counterclaims if Lofted was ultimately successful on its proposed motion to dismiss. Rather than give up its right to amend, Lofty instead filed its motion for stay on October 26, 2016. (ECF No. 25.)

On the morning of October 27, 2016, Lofted wrote Lofty demanding that Lofty's counsel, Michael Sullivan, file a new motion. Within three hours of Lofted's communication, Lofty, by and through the undersigned attorney, Matthew Pequignot, indicated Lofty's position that its motion for stay complied with both the Local Rules and your Honor's Individual Rules for adjournments and extensions of time. Furthermore, Mr. Pequignot informed Lofted that Mr. Sullivan was actively traveling (and therefore away from his office) and that he, himself, had limited availability due to a high volume of client deadlines to meet for the week. Additionally, Mr. Pequignot requested some clarification on whether Lofted was being represented by Mr. Lehman or Mr. Ortiz. Mr. Lehman apparently concluded from the communications that Lofted

2

was not going to amend its currently pending motion for a stay of discovery and - despite indicating in his initial October 27, 2016 email that Lofted would not seek intervention from the court until close of business on October 28, 2016 - Lofted instead filed their October 27, 2016 letter (ECF No. 26) to which this letter is responding.

      In conclusion, Lofty strongly contests Lofted's misrepresentations to this Court that it has not made every attempt to confer with Lofted and to comply with this Court's rules, especially with respect to its request for stay of discovery. The Joint Rule 26(f) report ("The parties have agreed to a proposed discovery cut-off date seven (7) months after the commencement of discovery, which will commence thirty (30) days after disposition of Plaintiff's Motion to Dismiss (or denial of leave to file a Motion to Dismiss)."), Lofted's July 25, 2016 Letter to this Court ("there is no need to conduct burdensome discovery (much less waste the court's resources) particularly given the size of the parties.") (ECF No. 10), and tentative agreement between the parties on their September 28, 2016 telephone call all seemed to indicate to Lofty that Lofted shared the desire for a stay of discovery until the resolution of its proposed motion to dismiss (or, at the very least, at the resolution of this Court's decision to permit the filing of its motion to dismiss). Even Lofted's indication in its September 29, 2016 communication that it would have "no issue with [Lofty] filing a letter with the court asking for a stay of discovery" (while otherwise not agreeing to actively participate) suggested to Lofty that there was no opposition to the idea of a stay. For the first time, during the October 25, 2016 telephone conference with Magistrate Judge Pollak, Lofted expressed, by and through Mr. Lehman (whose "appearance" on the call is unsupported by either the rules or express permissions of this Court) that it opposed any requested stay of discovery.

      All facts above are memorialized in written documents, and can be submitted to the Court for review if the Court so desires.

        Respectfully submitted,

        /s/ Matthew A. Pequignot
        Matthew A. Pequignot
        *Pro Hac Vice*
        PEQUIGNOT + MYERS
        90 North Coast Highway 101
        Suite 315
        Encinitas, CA 92024
        Phone: 202-328-1200
        Facsimile: 202-328-2219
        mpequignot@pmiplaw.com

        Michael G. Sullivan
        PEQUIGNOT + MYERS LLC
        62 Valley Road
        Westport, CT 06880
        202-674-4900
        msullivan@pmiplaw.com

*Attorneys for Defendant/Counterplaintiff Lofty Coffee, Inc.*