The Honorable Roslynn R. Mauskopf
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Response to Defendant's "Reply" on it Motion to Stay in *Lofted Coffee LLC v. Lofty Coffee Inc.*, No. 16 Civ. 02146 (E.D.N.Y.) (RRM-CLP)

Judge Mauskopf:

      I represent Plaintiff Lofted Coffee, LLC in above-captioned case. I am writing to respond to the "Reply" that Defense counsel, Matthew Pequignot, filed this morning. (ECF/CM No. 27.) I also write to request that the issues raised in these four recent filings (ECF/CM Nos. 25, 26 27 and this letter) be addressed by the Court at the upcoming conference on Thursday, November 10, 2016 at 11:00 a.m. in Courtroom 6A.

      ***First***, and perhaps most important to this Court, as result of Mr. Pequignot's filing, there is now a "fully briefed" motion on the docket. This is true because Mr. Pequignot filed his letter (ECF/CM No. 27) as a "Reply" to Mr. Sullivan's original motion to stay (ECF/CM No. 25).

      I have put the phrase "fully briefed" and "Reply" in scare quotes to indicate that those phrases are being used in a non-standard manner. These documents – ECF/CM Nos. 25, 26 and 27 – do not represent a fully briefed motion. Mr. Pequignot's letter is not a reply to an opposition to a motion filed by Plaintiff.

      In fact, Plaintiff has not filed an opposition to the motion in part because this Court has yet to enter a briefing schedule and in part because Mr. Sullivan failed to cite any rules, cases or authorities in his initial letter (ECF/CM No. 25). As I previously explained (ECF/CM No. 26), Plaintiff's counsel cannot respond given these fundamental deficiencies.

      Mr. Sullivan's and Mr. Pequignot's failure to follow the local and individual rules has resulted in erroneous filings on the docket. Moreover, since the motion is now "fully briefed" on PACER, Mr. Pequignot's filing this morning may well have triggered 28 U.S.C. § 476, commonly known as the "sixth month list." Unless this Court strikes the motion from the record, the Director of the Administrative Office could well report next year that this Court has a motion that has "been pending for more than six months and the name of each case in which such motion has been pending." *Id*. We highlight these facts so that this fully briefed motion does not slip through the cracks and result in an erroneous official report by the AO Director.

      ***Second***, Plaintiff's attorneys understand that Mr. Pequignot may not be familiar with the local rules; it is this firm's position that all lawyers should be extended courtesy before we

1

submit a letter to the court. In fact, Mr. Pequignot may not have been aware that a motion had been submitted so quickly after the conference since it was signed and electronically filed on PACER by Mr. Sullivan, an attorney admitted in the Eastern District of New York. Given the distance, time zone difference between Connecticut and California, and Mr. Sullivan's busy schedule, there was a possibility that Mr. Pequignot did not even know Mr. Sullivan had filed the motion. At the very least, it is reasonable to believe that Mr. Pequignot was relying on Mr. Sullivan's expertise with the local rules to file the motion properly, especially since Mr. Sullivan has been the primary attorney on all of the filings from the beginning.[1]

For all of these reasons, before I filed my letter yesterday, the senior attorney at this firm, Brian Lehman, emailed three attorneys: (1) Mr. Sullivan, (2) Mr. Pequignot and (3) Sarah Woodson, an attorney at Mr. Pequignot's firm who is active on the case but who has not filed a notice of appearance. We contacted all of these attorneys so that they could comply with the Court's Individual Rules without bringing it to the Court's attention. *See, e.g.*, Individual Rules, Part III.B.7 ("No party is to serve any motion papers prior to obtaining Court approval of the schedule.").

Given that this firm took an eminently reasonable approach to Mr. Sullivan's non-compliant motion, we were taken aback by Mr. Pequignot's response. As Mr. Pequignot states: "Within three hours of Lofted's communication, Lofty, by and through the undersigned attorney, Matthew Pequignot, indicated Lofty's position that its motion for stay complied with both the Local Rules and your Honor's Individual Rules for adjournments and extensions of time." (ECF/CM No. 27 at 2).[2] Mr. Pequignot's as also stated that "Mr. Sullivan was actively traveling (and therefore away from his office) and that he, himself, had limited availability due to a high volume of client deadlines to meet for the week." (*Id.*)

Assuming that Mr. Sullivan was absolutely unreachable over the course of the next week, Mr. Pequignot concedes that he took the "position that [the] motion for stay complied with both the Local Rules and your Honor's Individual Rules for adjournments and extensions of time." (ECF/CM No. 27 at 2.) Given this position, there was nothing to discuss. It was only once Mr. Pequignot made it clear that he would not fix the problems that we filed the letter (ECF/CM No. 25).

Our position is straightforward: Defense Counsel should comply with the Local rules and your Individual Rules, particularly after we pointed out fundamental deficiencies in the filings such as not citing any rules, cases or authorities.

---

[1] Mr. Sullivan is also the attorney who filed a lawsuit on behalf of Lofty Coffee, Inc. against certain of Plaintiff's customers, although he has not yet served any of them. *See Lofty Coffee, Inc. v. Stand Coffee, LLC*, et al., No. 1:16-cv-03869-KAM-RML (E.D.N.Y.) (complaint filed on July 11, 2016).

[2] A "motion to stay discovery" is different from an adjournment (of a conference or hearing) or an extension of time (to submit a brief or other filing) so different rules must be followed.

*Third*, Mr. Pequignot's most recent letter repeatedly uses a snippet from an email I wrote to him. (ECF/CM No. 27 at 1, 3). Mr. Pequignot quotes me as saying: "We have no issue with you filing a letter with the court asking for a stay of discovery, if you choose to do so." (*Id.*) However, in the sentence immediately before I wrote: "After discussing the issue, we have decided that we will be proceeding with discovery in accordance with Judge Pollak's order." Our position that we would oppose a stay on discovery should not have been a surprise to Defense counsel.

Indeed, this example alone shows the wisdom of filing the proper motion papers with the Court, which would include a declaration made under penalty of perjury that contains factual information relevant to the motion including any relevant exhibits. Had Defense Counsel filed a declaration with the entire email as an exhibit, it would be clear that Mr. Pequignot was taking a single sentence out of context. The reason for requiring a declaration made under a penalty of perjury is that absent such a requirement, lawyers will engage in shenanigans similar to this one.

The simple point is this: Mr. Sullivan should have complied with the Local and Individual Rules and (1) contacted us to discuss a briefing schedule, (2) submitted the briefing schedule to the court for an order, and (3), in compliance with the court's scheduling order, then filed a Notice of Motion, a Memorandum of Law, and a Declaration. We would have then opposed the motion in accordance with the schedule, and Defense counsel could have replied. This Court would then be able to consider the motion in an efficient manner.

Frankly, Plaintiff's counsel is a bit shocked that Mr. Sullivan would treat this Court's rules in such a haphazard way given his reputation and skill and the fact that he is admitted to this Court. Moreover, once we contacted Defense Counsel, Mr. Pequignot should have conceded the error. After all, the Court's individual rules state: "No party is to serve any motion papers prior to obtaining Court approval of the schedule." Part III.B.7. This sentence alone should have made it crystal clear that Mr. Sullivan had not followed the rules.

*Finally*, given recent events, we believe that the schedule for the briefing on the motion to stay discovery should be addressed at the upcoming conference on Thursday, November 10, 2016 at 11:00 a.m. in Courtroom 6A. Plaintiff's counsel looks forward to putting these side issues behind us and moving forward towards a final resolution.

Dated: 10/28/16

_____
Matthew Ortiz, Esq.
The Lehman Law Group
Lehman LG LLC
47-39 Vernon Blvd.
Long Island City, NY 11101
718.541.0121
matthew@LehmanLawGroup.com
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that, on this date, all parties were served a true and correct copy of LOFTED'S LETTER TO JUDGE MAUSKOPF 2 via the Court's CM/ECF system.

Dated: October 28, 2016

_____
Matthew Ortiz, Esq.
The Lehman Law Group
Lehman LG LLC
47-39 Vernon Blvd.
Long Island City, NY 11101
718.541.0121
matthew@LehmanLawGroup.com
*Attorney for Plaintiff*