The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Response to Defendant's "Reply" on it Motion to Stay in Lofted Coffee LLC
      v. Lofty Coffee Inc., No. 16 Civ. 02146 (E.D.N.Y.) (RRM-CLP)

Judge Mauskopf:

I represent Plaintiff Lofted Coffee, LLC.  The Court ordered a pre-motion conference on Plaintiff's motion to dismiss to be held on Thursday, November 10, 2016 at 11:00 a.m.  I am writing to inform this Court that the Second Circuit issued a published opinion today that should be noted for the pre-motion conference: *Cross Commerce Media, Inc. v. Collective, Inc.*, No. 15-782 (November 7, 2016).[1]

In *Cross Commercial Media*, the Second Circuit held that the unregistered mark "collective" is suggestive, not descriptive, as a matter of law.  *Id.* at 10-11. Plaintiff respectfully submits that *Cross Commerce Media* is relevant in that it further lays out the standard in determining whether a mark is descriptive or suggestive:

> "Both descriptive and suggestive marks convey information about, and thus are associated with, the product to which they are attached.  The difference between them lies in the immediacy of association — how quickly and easily consumers grasp the nature of the product from the information conveyed.  A descriptive mark communicates "'an immediate idea of the ingredients, qualities or characteristics of the goods'" Bernard, 964 F.2d at 1341 (quoting Abercrombie & Fitch Co. v. Hunting World, Inc., 537 F.2d 4, 11 (2d Cir. 1976).), while a suggestive mark requires consumers to employ "imagination, thought and perception to reach a conclusion as to the nature of goods" Time, Inc. v. Petersen Publ'g Co. L.L.C., 173 F.3d 113, 118 (2d Cir. 1999) (internal quotation marks omitted).  Thus, "[i]f the mental leap between the word and the product's attributes is not almost instantaneous, this strongly indicates suggestiveness, not direct descriptiveness."   2 J. Thomas McCarthy, McCarthy on Trademarks and 12 Unfair Competition § 11:67 (4th ed.)."   *Id.* at 11-12.

---

[1] Available at http://www.ca2.uscourts.gov/decisions/isysquery/
8a2b884d-9729-4a61-8897-050462639b8c/1/doc/15-782_opn.pdf#xml=http://
www.ca2.uscourts.gov/decisions/isysquery/8a2b884d-9729-4a61-8897-050462639b8c/1/hilite/.

1

The associations with the mark "lack the specificity that would enable an average consumer to intuit the nature of CI's business from the 'collective' mark, at least absent considerable imaginative effort (or luck)." *Id.* at 15.

As to avoid setting off a last minute exchanges of letters before the pre-motion conference, Plaintiff declines to submit any argument as to how this case applies to the one before this Court, while acknowledging that such an opportunity will be afforded with the conference. The sole purpose of the letter was to inform the Court of a recent case that bears on the requested motion to dismiss.

Dated: 11/7/16

Respectfully,

_____
Matthew Ortiz, Esq.
The Lehman Law Group
Lehman LG LLC
47-39 Vernon Blvd.
Long Island City, NY 11101
718.541.0121
matthew@LehmanLawGroup.com
*Attorney for Plaintiff*