UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOFTED COFFEE, LLC,<br><br>      Plaintiff/<br>      Counterdefendant,<br>v.<br><br>LOFTY COFFEE, Inc.,<br><br>      Defendant/<br><br>      Counterplaintiff. | Civil Action No. 1:16-cv-02146-RRM-CLP<br><br>**AFFIRMATION IN SUPPORT OF COUNTERPLAINTIFF'S REQUEST FOR CERTIFICATE OF DEFAULT** |

### AFFIRMATION IN SUPPORT OF COUNTERPLAINTIFF'S REQUEST FOR CERTIFICATE OF DEFAULT

I, Matthew A. Pequignot, declare as follows:

1. I am an attorney for Lofty Coffee, Inc., the Defendant/Counterplaintiff ("Lofty") in this action.

2. I submit this Declaration in support of Lofty's Request for Certificate of Default against Counterdefendant Lofted Coffee, LLC ("Lofted" or "Counterdefendant"). The facts set forth below are within my personal knowledge, to which I could and would testify competently if called upon to do so.

3. On April 29, 2016, Lofted filed the Complaint in this action (ECF No. 1).

4. On July 12, 2016, Lofty, via ECF, filed an Answer to the Complaint and various Counterclaims against Lofted (ECF No. 7).

5. On July 25, 2016, Lofted filed a request for a pre-motion conference to seek leave to file a motion to dismiss. (ECF No. 10)

6. In an Order of Entry dated October 20, 2016, Judge Roslynn R. Mauskopf granted Lofted an extension of time to file its Answer "until 20 days after a decision on any motion to dismiss."

7. During the pre-motion conference held before Judge Mauskopf on November 10, 2016, Judge Mauskopf denied Lofted's request for leave to file a motion to dismiss.

8. Lofted's answer to the counterclaims was therefore due on November 30, 2016.

9. To date, Counterdefendant Lofted has not filed an answer to the counterclaims served on July 12, 2016.

10. Currently, Lofted is effectively unrepresented by counsel admitted to practice in this case. Lead counsel, Matthew Ortiz's motion for withdrawal was granted on November 28, 2016. While David Kasell remains admitted as local counsel, Lofty has been instructed as recently as November 29, 2016, by electronic email from Connecticut attorney Brian Lehman, as follows:

> "Cease calling David Kasell or privately emailing. I am either hiring someone new or I am putting in my own motion. David is local counsel. Nothing is accomplished by contacting him. In fact, it is unproductive."

Mr. Lehman has also demanded, under threat of action with the Court, that Lofty (through its owner, Eric Myers) cease any contact with Lofted (through its owner Tobin Polk), even though Lofted originated some of the client-to-client settlement communications. Specifically, Mr. Lehman wrote, also on November 29th:

> "Absent confirmation from you that [client to client communications] will stop, I imagine my only recourse is to seek a restraining order from the court, which seems a bit over-the-top. I have always passed your settlement agreements on to the

2

```
client.  If you sincerely believe that I am not, then you can
always bring it up with the court or simply ask me if I have."
```

11.     Earlier attempts, prior to November 29, 2016, to engage Mr. Kasell in the prosecution of this case have been unproductive. For example, since Mr. Kasell was the sole remaining, admitted attorney representing Lofted on November 28, 2016, I attempted to confer with Mr. Kasell to coordinate the parties' telephone appearance at the status conference with Judge Pollak originally scheduled for November 29. However, although Mr. Kasell answered the phone, when I identified myself, he stated that he could hear me, but not understand me, and then terminated the call. Although I made at least three attempts to call him again (within minutes of the original terminated call), he did not answer. Consequently, I emailed Mr. Kasell to arrange his participation in the conference; however, those emails were also not answered. During this same time period, I was informed by my associate, Sarah Woodson, that Mr. Lehman's business phone lines were disconnected.

12.     On November 29, Mr. Lehman filed a letter (ECF No. 35, under seal), addressed to Judge Pollak, requesting that he be permitted to make an oral motion for *pro hac vice* admission at the 2 pm status conference. However, as Lofty's reply to Mr. Lehman's letter, also filed today (December 2), further explains, Lofty was advised by Mr. Ortiz that Mr. Lehman does not have a Certificate of Good Standing which is less than eleven months old - even though Lofty has been requesting that Mr. Lehman apply for *pro hac vice* admission, since at least the date of the initial status conference with Judge Pollak, on October 25. That was the day Mr. Lehman made an appearance before the Court "representing" Lofted, *even though he was not admitted to practice in this case*.

13.     Lofted also has not served discovery in this case, as confirmed by Mr. Lehman's email sent November 29, 2016:

"While it is true that we have not sent you any, my position is that the burden is with you to prove infringement, even in a declaratory action, so if there is no discovery, we should prevail."

14. Although Mr. Lehman has indicated that he may serve discovery requests in the future, "as soon as [he] figure[s] out which direction to go," Lofted has not otherwise prosecuted this case except to extend numerous settlement offers over the past month or so, some of which Lofted promptly retracted for reasons unknown. A more detailed account of the latest settlement negotiation, which Lofty initially thought resolved this case, is set out in Lofty's reply letter filed today (December 2), addressed to Judge Pollak.

15. While Lofty is otherwise pursuing discovery, in view of Mr. Lehman's instructions not to communicate with Mr. Kasell, and in view of his demands that Lofty not contact Lofted directly (through direct client-to-client communications), Lofty is now at an impasse, particularly in view of Lofted's failure to file an answer by November 30, 2016, as ordered by Judge Mauskopf.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

|  |  |
|---|---|
|  | Respectfully submitted, |
| December 2, 2016 | /s/ Matthew A. Pequignot |
|  | Matthew A. Pequignot |
|  | *Pro Hac Vice* |
|  | PEQUIGNOT + MYERS |
|  | 90 North Coast Highway 101 |
|  | Suite 315 |
|  | Encinitas, CA 92024 |
|  | Phone: 202-328-1200 |
|  | Facsimile: 202-328-2219 |
|  | mpequignot@pmiplaw.com |

*Attorney for Defendant/Counterplaintiff Lofty Coffee, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the AFFIRMATION IN SUPPORT OF COUNTERPLAINTIFF'S REQUEST FOR CERTIFICATE OF DEFAULT was filed via the Court's CM/ECF system, thereby effectuating service upon all counsel of record via electronic means.

| | |
|---|---|
| December 2, 2016 | /s/ Matthew A. Pequignot |
| | Matthew A. Pequignot |
| | *Pro Hac Vice* |
| | PEQUIGNOT + MYERS |
| | 90 North Coast Highway 101 |
| | Suite 315 |
| | Encinitas, CA 92024 |
| | Phone: 202-328-1200 |
| | Facsimile: 202-328-2219 |
| | mpequignot@pmiplaw.com |

*Attorney for Defendant/Counterplaintiff Lofty Coffee, Inc.*