December 20, 2016

*Via ECF/CM*

The Honorable Roslynn R. Mauskopf
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Pre-Motion Conference in *Lofted Coffee LLC v. Lofty Coffee Inc.*, No. 16 Civ. 02146 (E.D.N.Y.) (RRM-CLP)

Judge Mauskopf:

      I am counsel for Plaintiff, and I am writing to request a pre-motion conference. The proposed motion is to set aside the clerk's entry of default (ECF/CM No. 39) under Rule 55(c) of the Federal Rules of Civil Procedure. Yesterday, counsel for Defendant emailed the undersigned counsel and stated, *inter alia*, that "[they] are currently preparing to move this case forward towards judgment," which indicates that they will file a motion for a default judgment soon.

      However, the standards for either motion are the same as the Second Circuit has held that "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). (citations omitted); *see also Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 55 (E.D.N.Y. 2008) (allowing opposition to motion for default judgment to serve as motion to set aside entry of default); *Brown v. Gabbidon*, 2007 WL 1423788, at *2 (S.D.N.Y. May 14, 2007) (same). Thus, Plaintiff respectfully submits that a pre-motion conference be held on its proposed motion to set aside the clerk's entry of default because both parties' proposed motions raise the same issue and are evaluated under the same standard. As the motions are dispositive, a pre-motion conference would be required under this Court's individual rules.

      Finally, the Magistrate Judge has ordered the parties to engage in a settlement conference and proposed a number of dates on or after January 19, 2017. As the parties' settlement posture will be affected by the Court's decision, Plaintiff requests that the pre-motion conference be held before January 19th with the caveat that Plaintiff's counsel is not available on January 4, 2017, or January 6, 2017.

**Governing Law**

      "The court may set aside [the clerk's] entry of default for good cause," Fed. R. Civ. P. 55(c). As the Second Circuit has explained:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an

> opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b).

*Meehan*, 652 F.2d at 276.

Because Rule 55(c) does not define the term "good cause," the Second Circuit has established three criteria that district courts must assess in deciding whether to relieve a party from a default. The criteria are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp., 10 F.3d at 96 (citations omitted). Additionally, "[o]ther relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp.*, 10 F.3d at 96.

**First factor:** The Second Circuit has interpreted "willfulness," in the context of a default,[1] to refer to conduct that is "more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see also American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996) (collecting cases and finding that the Second Circuit has required "bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error"). Rather, a default is willful where a litigant's conduct is "egregious and . . . not satisfactorily explained." *McNulty*, 137 F.3d at 738.

For example, in *American Alliance*, a defendant failed to answer because of a filing mistake committed by its in-house counsel's clerk. 92 F.3d at 60. The court held that firm was "grossly negligent" but this conduct was not willful, deliberate, or carried out in bad faith and, therefore, the default judgment entered by the trial court should be set aside.

**Second factor:** In the Second Circuit that "delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. Rather, real prejudice in the context of a motion to set aside a default "is evidenced by the loss of evidence, the unavailability of witnesses or roadblocks to discovery." *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 993 (E.D.N.Y. 1995) (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

**Third factor:** the Second Circuit has held:

> A [party] seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.

---

[1] The Second Circuit's "construction of "excusable neglect" is more lenient than [its] interpretation of that phrase for purposes of granting an extension of time to file a notice of appeal under Fed. R.App. P. 4(a)(5)." *American Alliance*, 92 F.3d at 60 n.2.

*Enron Oil Corp.*, 10 F.3d at 98 (citations omitted); *see also McNulty*, 137 F.3d at 740.

This factor does not require more than a statement of defense. For example, in *American Alliance*, the Second Circuit found that the defaulting party had presented a meritorious defense when it merely claimed the defense, and the district court erred when it required conclusive evidence of the defense. *See American Alliance*, 92 F.2d at 61.

**Other Factors:** The Second Circuit has held that "[o]ther relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp.*, 10 F.3d at 96. Moreover, courts apply these criteria in light of the Second Circuit's "oft-stated preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Defaults are not favored . . . and doubts are to be resolved in favor of a trial on the merits." *Pecarsky v. Galaxiworld.com*, Ltd., 249 F.3d 167, 171 (2d Cir. 2001).

**Plaintiff's Proposed Motion to Set Aside Clerk's Entry of Default**

The details underlying Plaintiff's failure to file an answer are under seal (ECF/CM No. 34). Plaintiff respectfully submits that a review of them easily demonstrate that the clerk's entry of default should be set aside.

First, plaintiff's failure is explained by the reasons for previous attorney's sudden withdraw. This is hardly an egregious situation where delay is not satisfactorily explained. Second, Defendant will have suffered nothing more than a delay of three weeks that were needed while the undersigned counsel secured his Certificate of Good Standing (which also occurred over the Thanksgiving holiday). In any event, even if this delay was not minimal, delay cannot constitute prejudice as a matter of law. Third, Plaintiff has a meritorious claim that it is not infringing on Defendant's marks, as pleaded in Plaintiff's complaint (and to which Defendant did not file a motion to dismiss). Finally, to the extent that the underlying facts need to be examined as to the reason for Plaintiff's previous counsel motion to withdraw (ECF/CM No. 34), these facts also favors setting aside the clerk's notice of default.

For the above reasons, Plaintiff's counsel therefore requests a pre-motion conference on its proposed motion to set aside the clerk's notice of default to be held prior to January 19, 2017.

Sincerely,

*Brian Lehman*

Brian Lehman
Counsel for Plaintiff Lofted Coffee LLC
47-39 Vernon Blvd.
Long Island City, NY 11101
brian@lehmanlawgroup.com
724-453-4626